Hazel SANDERS, Plaintiff,

v.

Shirley CHATER, Commissioner Social
Security Administration,
Defendant.

No. 3:94CV00740.

United States District Court,
D. Connecticut.

March 29, 1996.

Daniel D. Skuret, Ansonia, CT, for plaintiff.

Deirdre Anne Martini, U.S. Attorney's Office, Bridgeport, CT, for defendant.

ENDORSEMENT RULING ON
PENDING MOTIONS

CHATIGNY, District Judge.

Hazel Sanders brings this action pursuant to 42 U.S.C. § 405(g), challenging a final administrative decision denying his application for Supplemental Security Income benefits. Plaintiff has moved for summary judgment [doc. # 13–1] or, in the alternative, for a remand [doc. # 13–2]. The Commissioner seeks a judgment affirming the decision [doc. # 9]. For reasons that follow, plaintiff's motion for summary judgment is denied, plaintiff's motion for remand is granted and the Commissioner's motion is denied.

Plaintiff alleges that he is disabled within the meaning of the Social Security Act due to back pains, high blood pressure and seizures. His application for benefits is based primarily on the opinion of his treating physician, Dr. Fred M. Haddad, that he "is totally and permanently disabled from doing any gainful work." (Administrative Record, Ex. 37, at 275).

After a hearing, Administrative Law Judge Samuel Kanell found that plaintiff is unable to perform his previous work as a forklift and tow motor operator but retains sufficient residual functional capacity to perform a range of sedentary occupations. (*Id.* at 264–65). The Appeals Council remanded the case to the ALJ with instructions to obtain pertinent medical evidence from Dr. Haddad and additional evidence of plaintiff's mental condition. (*Id.* at 276–78).

The ALJ referred plaintiff to Dr. Allan Rooney for a psychological examination and held a supplemental hearing. At the hearing, plaintiff's counsel stated that his efforts to obtain Dr. Haddad's examination and

treatment records had been unsuccessful. (*Id.* at 81). Plaintiff's counsel requested that the ALJ subpoena the records (*id.* at 81–82, 108) and order a neurological examination of plaintiff, as recommended by Dr. Haddad. (*Id.* at 77, 79, 91, 106). The ALJ, not wanting to use his subpoena power "frivolously," ordered plaintiff's counsel to make further attempts to obtain Dr. Haddad's records on his own. (*Id.* at 83).

The ALJ held the record open for approximately ten weeks, during which time plaintiff's counsel was unable to obtain Dr. Haddad's records. (*Id.* at 15). The ALJ did not subpoena the records or order a neurological examination. Stating that "no useful purpose would be served by further delay in issuing this decision," the ALJ issued a decision finding that plaintiff is not disabled within the meaning of the Act. (*Id.* at 15).

The Appeals Council declined plaintiff's request for review, rendering the ALJ's decision the final decision of the Social Security Administration, subject to judicial review.

After careful consideration of the entire record, I conclude that a remand is necessary. Specifically, the ALJ is ordered to (1) subpoena Dr. Haddad's entire record pertaining to his examination, care and treatment of the plaintiff and (2) provide plaintiff with an examination by a neurologist.

The regulations governing adjudication of disability claims provide that a treating physician's opinion on the nature and severity of a claimant's impairments will be given controlling weight if it is supported by acceptable diagnostic techniques and is not inconsistent with other substantial evidence. 20 C.F.R. 404.1527(d).

Dr. Haddad began treating plaintiff in November 1984. Plaintiff testified that in the year preceding the hearing, which took place in June 1993, he was still seeing Dr. Haddad once or twice a month. In a letter dated February 25, 1992, Dr. Haddad stated that plaintiff is totally and permanently disabled from doing any gainful work. (Administrative Record, Ex. 37, at 275). Dr. Haddad's opinion is based, in part, on CT scans showing that plaintiff suffers from certain disc

problems. Plaintiff underwent spinal surgery in 1985 and again in 1986. (*Id.*). In his letter, Dr. Haddad states that plaintiff suffers from severely limited back mobility, weakness in his legs resulting in difficulty walking and epileptic seizures. (*Id.*).

■ Dr. Haddad had sufficient interaction with plaintiff to develop a well-supported opinion of the nature and extent of plaintiff's impairments. However, it is necessary and appropriate to obtain his records to gain additional information regarding the basis of his opinion that plaintiff is totally disabled.[1] The records might show that Dr. Haddad's opinion is well-supported by appropriate diagnostic tests or they might show a lack of such support. Because of the potential significance of Dr. Haddad's records under the treating physician rule, the ALJ must subpoena them.

■ A neurological examination of plaintiff is also in order. Evaluating Dr. Haddad's opinion is difficult without a neurological examination. Crediting the representations of plaintiff's counsel, Dr. Haddad believed that a neurological examination would be worth the expense. There is no basis in the existing record for inferring that a neurological examination would be unhelpful or superfluous.

On the remand, the ALJ will reassess Dr. Haddad's opinion in light of Dr. Haddad's records and the results of the neurological examination and redetermine the issues of the nature and extent of plaintiff's impairments. In accordance with the pertinent regulations, the ALJ must state whether he is giving Dr. Haddad's opinion controlling weight and, if not, why. 20 C.F.R. § 404.1527(d). If the ALJ concludes that Dr. Haddad's opinion should not be given controlling weight, the ALJ must apply the factors set forth in the regulations to determine the weight to be given Dr. Haddad's opinion and specify good reasons for giving it whatever weight it receives.

The Commissioner's decision is hereby reversed and remanded pursuant to the fourth

---

1. Dr. Haddad is unavailable to testify because he is deceased.

sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

So ordered.